

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| ALLEN DEWAYNE BATES, PRO SE, § | | |
| County ID No. 24958, § | | |
| Federal No. 25584-077, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0240 | |
| § | | |
| ZANE PRICE, Ptl Officer, § | | |
| RANDY BAKER, Supervisor, § | | |
| JIM McCASLIN, Chief of Police, § | | |
| and THE CITY OF TULIA, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ALLEN DEWAYNE BATES, acting pro se and while a prisoner in the custody of the Randall County Jail, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

Plaintiff complains that, on September 21, 2006, he was unlawfully detained and arrested and his vehicle unlawfully searched by defendant PRICE, with the assistance of defendant McCASLIN, and the approval of defendant BAKER. Plaintiff also complains defendant THE CITY OF TULIA did not establish adequate policies regarding Stolen Property and Failure to I.D.

Plaintiff requests $300,000.00 in compensatory damages and $300,000.00 in punitive damages for the humiliation, embarrassment, mental suffering, fear, and worry he suffered as a result of the acts alleged above.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

All the acts or omissions plaintiff states the defendants committed are alleged to have occurred on or before September 21, 2006.

Plaintiff dated his complaint as having been signed on December 18, 2008. For purposes of this analysis, the Court will assume a filing date of December 18, 2008. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Limitations has expired, and plaintiff's claims arising from events on or before September 21, 2006 have expired with it. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ALLEN DEWAYNE BATES is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

    IT IS SO ORDERED.

    ENTERED this 21st day of January, 2009.

    /s/ Mary Lou Robinson
    MARY LOU ROBINSON
    UNITED STATES DISTRICT JUDGE